UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------x
                             :

ROSELYN POTTERS,
                             :

          Plaintiff,
                             :

    - against -
                             :

LOUIS POTTERS and NORTH
SHORE ANIMAL LEAGUE
AMERICA INC.,
                             :

          Defendants.
                             :
---------------------------------------------------------x

WK 4641

08 Civ. 08 2109

**COMPLAINT**

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

PLATT, J.

LINDSAY, M.J.

Plaintiff Roselyn Potters, by her attorneys McCarthy & Kelly LLP states and alleges the following upon information and belief:

### THE PARTIES

1.    Plaintiff Roselyn Potters was and is an individual, a citizen of the United States and a resident of the State of New Jersey, residing at No. 3F Nob Hill, Roseland, NJ 07068.

2.    Defendant Louis Potters was and is an individual with his primary residence at 2 Sousa Drive, Sands Point, NY 11050 (hereinafter referred to as the "home").

3.    Defendant North Shore Animal League America Inc. was and still is a New York corporation duly organized and existing under and by virtue of the laws of the State of New York (hereinafter referred to as "North Shore Animal League").

4.     Defendant North Shore Animal League maintains its principal place of business, *inter alia*, a dog adoption service and shelter, located at 25 Davis Avenue, Port Washington, NY 11050 (hereinafter referred to as the "shelter").

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 1332 and 1441 as plaintiff is a citizen of State of New Jersey and defendant is a citizen of the State of New York and the amount in controversy is in excess of $75,000 exclusive of interest and costs.

6.     Venue of this action in the Eastern District of New York is proper pursuant to 28 U.S.C. Section 1391 because plaintiff's claims arise in the Eastern District of New York and because all of the defendants are subject to personal jurisdiction in the Eastern District of New York.

## FIRST CAUSE OF ACTION
## AGAINST LOUIS POTTERS

7.     That upon information and belief, at all times herein mentioned defendant Louis Potters owned, controlled, kept and harbored a dog believed to be a Saint Bernard-Akita mix by the name of Nicky (hereinafter referred to as the "dog").

8.     That upon information and belief, at all times herein mentioned defendant kept and harbored the dog at the home.

9.     That upon information and belief, at all times herein mentioned defendant rendered care and training to the dog while defendant kept and harbored the dog at the home.

10.     That upon information and belief, at all times herein mentioned and before the occurrence of the accident defendant discovered that the dog had a history of aggression, behavioral problems and/or vicious propensities toward people and other animals.

11.     That upon information and belief, at all times herein mentioned defendant was the lawful occupant of the home.

12.     That on September 1, 2007 (hereinafter referred to as the "date of the accident") plaintiff was lawfully present within the home.

13.     That on the date of the accident at the home, the dog viciously attacked without provocation plaintiff and in the process inflicted severe and permanent personal injuries upon plaintiff.

14.     That upon information and belief, on and prior to the date of the accident, the dog exhibited vicious propensities.

15.     That upon information and belief, on and prior to the date of the accident, the dog acted towards people with threatening and/or aggressive behavior.

16.     That upon information and belief, on and prior to the date of the accident, the dog was known to growl, snap and/or bare its teeth at people.

17.     That upon information and belief, on and prior to the date of the accident, the dog acted with threatening and/or aggressive behavior toward other animals.

18.     That upon information and belief, on and prior to the date of the accident, the dog was known to growl, snap, bite, attack and/or bare its teeth at other animals.

19.     That upon information and belief, on and prior to the date of the accident, the defendant frequently restrained the dog due to the dog's vicious propensities, threatening behavior, growling, snapping and baring of its teeth at people.

20.     That upon information and belief, on and prior to the date of the accident, the defendant utilized the dog, *inter alia*, as a guard dog at the home.

21.     At no time prior to or on the date of the occurrence of the accident did defendant reveal to plaintiff that the dog had a prior history of aggression, behavioral problems and/or vicious propensities toward people and/or other animals.

22.     That upon information and belief, on and prior to the date of the accident, the defendant had actual and/or constructive notice of the dog's vicious propensities, threatening behavior, growling, snapping and baring of teeth at people and/or other animals and the defendant knew or should have known of the dangers and/or propensities of the dog prior to the date of the accident and the dog's attack on plaintiff.

23.     That on the date of the accident, the dog behaved in an aggressive and vicious manner toward the plaintiff that reflected a proclivity and propensity to act in such a way as to put others at risk of harm.

24.     That upon information and belief, prior to the occurrence of the accident, defendant was aware of and/or documented numerous incidents wherein the dog exhibited aggressiveness and vicious propensities toward people while the dog was owned, controlled, harbored and/or kept and in the possession of defendant.

25.     That upon information and belief, on and prior to the accident date, defendant was aware of and had actual notice of the aggressiveness, dangers and vicious propensities of the dog.

26.     That the sole and proximate cause of plaintiff's damages herein was defendant's ownership, control, harboring, training and keeping of the dog with knowledge of the dog's dangerous, aggressive and vicious propensities.

27.     That the limitations on liability set forth in CPLR 1601 do not apply to plaintiff's causes of action by reason of one or more of the exemptions contained in CPLR 1602.

28.     That by reason of the foregoing, plaintiff was rendered sick, sore, lame, disfigured and disabled; suffered catastrophic and grievous injuries to various parts of her body; suffered and will continue to suffer great pain and anguish in body and mind; received necessary medical care and attention by reason of her injuries; that she has necessarily received, is receiving and will continue to receive necessary medical care by reason of the injuries she suffered and in connection with which expenses have, are and will continue to be incurred; that she has been greatly incapacitated and has been unable to participate in her usual daily activities and duties that she had theretofore done; and her injuries are permanent, protracted, disfiguring and disabling and plaintiff has suffered other consequential damages.

29.     That solely by reason of the foregoing, plaintiff has been damaged in the sum of Five Million Dollars ($5,000,000).

30.     Plaintiff demands a trial by jury on all issues.

## SECOND CAUSE OF ACTION AGAINST
## NORTH SHORE ANIMAL LEAGUE

31. Plaintiff repeats, realleges and reiterates each and every allegation as contained in the above paragraphs with the same force and effect as if fully set forth herein at length.

32. That upon information and belief, at all times herein mentioned defendant North Shore Animal League owned, controlled, kept and harbored the dog.

33. That upon information and belief, at all times herein mentioned defendant North Shore Animal League owned, controlled, kept and harbored the dog at the shelter and offered the dog for adoption to members of the public.

34. That upon information and belief, at all times herein mentioned defendant North Shore Animal League rendered care, training and/or medical treatment to the dog, including sedatives to decrease the dog's aggressiveness, while the dog was offered for adoption to members of the public.

35. That upon information and belief, at all times herein mentioned defendant North Shore Animal League investigated and analyzed the dog's prior history of aggression, behavioral problems and/or vicious propensities toward people and/or other animals before offering the dog for adoption to members of the public.

36. That upon information and belief, at all times herein mentioned defendant North Shore Animal League discovered that the dog had a history of aggression, behavioral problems and/or vicious propensities toward people and/or other animals before defendant offered the dog for adoption to members of the public.

37. That upon information and belief, at all times herein mentioned defendant North Shore Animal League discovered that the dog had a history of aggression, behavioral problems and/or vicious propensities toward people and/or other animals

before, during and at the time that the dog was under defendant's control and while defendant offered the dog for adoption to members of the public and on the date that the dog was adopted by defendant Louis Potters.

38.     That upon information and belief, at all times herein mentioned and in particular, prior to and on the date the dog was adopted by defendant Louis Potters, defendant North Shore Animal League never revealed that the dog had a history of aggression, behavioral problems and/or vicious propensities toward people and/or other animals to anyone considering the dog for adoption including but not limited to defendant Louis Potters.

39.     That upon information and belief, at all times herein mentioned defendant North Shore Animal League negligently, carelessly and recklessly failed to reveal, prior to the date of the accident, to defendant Louis Potters that the dog had a prior history of aggression, behavioral problems and/or vicious propensities toward people and/or other animals.

40.     On July 5, 2007 (hereinafter referred to as the "adoption date"), defendant North Shore Animal League negligently, carelessly and recklessly processed the application and approved the adoption of the dog by defendant Louis Potters without revealing that the dog had a prior history of aggression, behavioral problems and/or vicious propensities toward people and/or other animals.

41.     At or about the adoption date, defendant North Shore Animal League negligently, carelessly and recklessly *affirmatively* stated to defendant Louis Potters that the dog had no prior history of aggression, behavioral problems and/or vicious propensities toward people and/or other animals.

42.     At or about the adoption date, defendant negligently, carelessly and recklessly permitted defendant Louis Potters to take the dog to the home.

That on the date of the accident at the home, the dog viciously attacked without provocation plaintiff and in the process inflicted severe and permanent personal injuries upon plaintiff.

43.     That upon information and belief, prior to and on the adoption date, the dog exhibited aggression, behavioral problems and/or vicious propensities toward people and other animals and defendant North Shore Animal League was aware of this before, during and after the adoption date.

44.     That upon information and belief, prior to and on the adoption date, defendant North Shore Animal League was aware of and documented numerous incidents wherein the dog exhibited aggressiveness, behavioral problems and/or vicious propensities while defendant North Shore Animal League owned, controlled, kept and harbored the dog at the shelter including but not limited to the following episodes: the dog attempted to bite a person on at least two (2) occasions; the dog savagely attacked and bit a cat; the dog had to be physically restrained by a trainer on numerous occasions; the dog had to be medicated to control its aggressiveness and vicious propensities; the dog had to be muzzled on numerous occasions due to the dog's aggressiveness; the dog growled, snapped, barked and bared its teeth to people and other animals numerous times; the dog was aggressive for extended periods of time; the dog suffered from numerous behavioral issues related to aggressiveness toward people and other animals; the dog physically resisted having a collar put on it and the dog chewed through a T-connector on at least two (2) occasions.

45.     That upon information and belief, on and prior to the adoption date, defendant North Shore Animal League frequently medicated and physically restrained the dog in attempts to control the dog's aggressiveness, behavioral problems and/or vicious propensities, including but not limited to biting, threatening behavior, growling, snapping and baring of its teeth at people and/or other animals.

46.     That upon information and belief, on and prior to the adoption date, defendant North Shore Animal League was aware of and had actual notice of the aggressiveness, behavioral problems, dangers and vicious propensities of the dog.

47.     That upon information and belief, on and prior to the adoption date, defendant North Shore Animal League had actual and/or constructive notice of the aggressiveness, behavioral problems, dangers and/or vicious propensities of the dog, including but not limited to biting people, biting other animals, attacking other animals, aggression, vicious propensities, threatening behavior, growling, snapping and baring of teeth at people and other animals and defendant North Shore Animal League knew or should have known of the dangers and vicious propensities of the dog on and prior to the adoption date.

48.     That upon information and belief, on and prior to the adoption date, defendant North Shore Animal League was aware that the dog behaved in a manner that reflected a proclivity and inclination to act in an aggressive, vicious and dangerous way so as to put others at risk of harm.

49.     That the sole and proximate cause of plaintiff's injuries as alleged herein was defendant North Shore Animal League's negligence, carelessness and recklessness in the ownership, harboring, treating, training, medicating, keeping and/or permitting of the

adoption of the dog to the defendant Louis Potters with knowledge of the dog's dangerous, aggressive and vicious propensities and failing to inform defendant Louis Potters of the dog's history of vicious propensities.

50. That the limitations on liability set forth in CPLR 1601 do not apply to plaintiff's causes of action by reason of one or more of the exemptions contained in CPLR 1602.

51. That by reason of the foregoing, plaintiff was rendered sick, sore, lame, disfigured and disabled; suffered catastrophic and grievous injuries to various parts of her body; suffered and will continue to suffer great pain and anguish in body and mind; received necessary medical care and attention by reason of her injuries; that she has necessarily received, is receiving and will continue to receive necessary medical care by reason of the injuries she suffered and in connection with which expenses have, are and will continue to be incurred; that she has been greatly incapacitated and has been unable to participate in her usual daily activities and duties that she had theretofore done; and her injuries are permanent, protracted, disfiguring and disabling and plaintiff has suffered other consequential damages.

52. That solely by reason of the foregoing, plaintiff has been damaged in the sum of Five Million Dollars ($5,000,000).

53. Plaintiff demands a trial by jury on all issues.

WHEREFORE, plaintiff Roselyn Potters demands judgment against defendant Louis Potters on the First Cause of Action in the sum of Five Million Dollars ($5,000,000) and demands judgment against North Shore Animal League America Inc. on

the Second Cause of Action in the sum of Five Million Dollars ($5,000,000) together

with the costs and disbursements of this action.

Dated:  New York, New York
        May 20, 2008

                            Respectfully submitted,

                            McCarthy & Kelly LLP

                            By _____
                                William P. Kelly
                                WK 4641
                                A Member of the Firm
                                Attorneys for Plaintiff
                                52 Duane Street
                                New York, NY 10007
                                (212) 732-5040


TO:     Louis Potters
        2 Sousa Drive
        Sands Point, NY 11050

        North Shore Animal League America Inc.
        25 Davis Avenue
        Port Washington, NY 11050

Docket No.: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROSELYN POTTERS,

Plaintiff,

- against -

LOUIS POTTERS and NORTH SHORE
ANIMAL LEAGUE AMERICA INC.,

Defendants.

## COMPLAINT

**McCARTHY & KELLY LLP**
Attorneys for Plaintiff
Federal Plaza
52 Duane Street
New York, NY 10007
(212) 732-6000

TO:    **Louis Potters**
2 Sousa Drive
Sands Point, NY 11050

**North Shore Animal League**
25 Davis Avenue
Port Washington, NY 11050